JOHN S. LEONARDO
United States Attorney
District of Arizona
DAVID P. FLANNIGAN
State Bar No. 07162
ROBERT A. FELLRATH
Assistant United States Attorneys
Evo A. Deconcini U.S. Courthouse
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: 520-620-7300
david.flannigan@usdoj.gov
robert.fellrath@usdoj.gov
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>  v.<br><br>Sandra Cruz Noriega,<br><br>  Defendant. | CR 11-02729-12-TUC-DCB (JM)<br><br>PLEA AGREEMENT |

The United States of America and the defendant, agree to the following disposition of this matter:

### PLEA

The defendant agrees to plead guilty to a felony Information charging the defendant with two felony counts; first, a violation of Title 18, United States Code, Section 4, Misprision of a Felony, and second, a violation of Title 18, United States Code, Section 1028(a)(7), Fraud in Connection with Identification Documents – Possessing Another's Means of Identification.

### ELEMENTS OF THE CRIME

- The essential elements of Misprision of a Felony are that:

(1) The felony of Conspiracy to Commit Motor Vehicle Department Fraud by Unlawful Production of Identification, Driver's License, and Title Documents, and Production of

Veteran's License Plates as alleged in the Information was committed;

(2) The defendant had knowledge of the commission of the felony;

(3) The defendant failed to notify the relevant federal authorities about the commission of the offense; and

(4) The defendant deliberately took some affirmative step to conceal the crime.

- The essential elements of Fraud in Connection with Identification Documents – Possessing Another's Means of Identification are that:

(1) The defendant knowingly possessed a means of identification of another person;

(2) The defendant did so without lawful authority;

(3) The defendant possessed the means of identification in connection with the offense of Failure to Appear; and

(4) possession of the means of identification of another person was in or affected commerce between one state and other states, or between a state of the United States and a foreign country.

## TERMS

The defendant understands the guilty plea is conditioned upon the following terms, stipulations, and requirements:

**1. Maximum Penalties:**

a. The defendant understands and agrees that the maximum penalty for the offenses being pled to are :

(1) Misprision of a Felony: a fine of $250,000.00 or a maximum term of three (3) years imprisonment, or both and a maximum term of one (1) year of supervised release.

(2) Fraud in Connection with Identification Documents – Possessing Another's Means of Identification: a fine of $250,000 or a maximum term of five (5) years imprisonment, or both, a maximum term of three (3) years of supervised release.

b. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the court shall:

(1) Order defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663 and Section 5E1.1 of the Guidelines, the court determines that restitution would not be appropriate in this case;

(2) Order defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611 and Section 5E1.2(f) of the Guidelines, defendant establishes the applicability of the exceptions found therein;

c. Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on the defendant of $100.00 per felony count. The special assessment is due at the time defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

d. Defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States..

2. **Agreement Regarding Sentencing**:

a. Pursuant to Fed. R. Crim. P., Rule 11(c)(1)(C), the government and the defendant stipulate and agree to a binding sentencing range of between **time served and 48 months imprisonment**. The government agrees to move for the third point for acceptance of responsibility, if applicable. Either party may argue for any adjustments, departures, or variances in support of a sentence. There is no agreement whether this sentence shall run consecutive or concurrent to the defendant's current term of imprisonment imposed in case

3

EP-95-CR-334FM(2) in the United States District Court for the Western District of Texas, El Paso.

      b. In exchange for the government allowing the defendant to plead to the information offered in this case, the defendant agrees to waive any appeal from the District Court's determination of the appropriate sentence and any habeas claims, as detailed below in paragraph 6.

      c. The superseding indictment and the indictment against the defendant will be dismissed at the time of sentencing.

      d. Defendant understands that the court is neither a party to nor bound by this agreement and specifically the court has complete discretion to impose the maximum sentence possible for the crime to which defendant has pled. Defendant further understands that if the court imposes a sentence greater than the maximum term agreed upon by the parties, defendant will be permitted to withdraw the guilty plea.

      e. If the court, after reviewing the plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement giving defendant, in accordance with Fed. R. Crim. P. 11(c)(5), an opportunity to withdraw the guilty plea.

      f. This plea agreement is expressly conditioned upon the accuracy of defendant's criminal history as known by the government at the time of the plea. The discovery of any criminal history in addition to that known shall entitle the government to withdraw from this agreement.

**3. Breach of the Agreement.**

      If the defendant fails to comply with any obligation or promise pursuant to this agreement, the United States:

      a. May, in its sole discretion, declare any provision of this agreement null and void in accordance with paragraph (6) below and the defendant understands that the defendant shall not be permitted to withdraw the plea of guilty made in connection with this agreement;

4

    b.   May prosecute the defendant for any offense known to the United States for which the defendant is responsible, and defendant waives any statute of limitations, Speedy Trial Act, and constitutional restrictions for bringing charges after the execution of this agreement; and

    c.   May argue for a maximum statutory sentence for the offenses to which defendant has pled guilty.

**4. Forfeiture, Civil and Administrative Proceedings**

    a.   Nothing in this agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.

    b.   Defendant will identify all assets and identify the source of income used to obtain the assets. Defendant will identify all assets used to facilitate the commission of any crime charged in this indictment. Defendant will testify truthfully in any civil forfeiture proceeding.

    c.   Further, this agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

**5. Plea Addendum.**

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

**6. Waiver of Defenses and Appeal Rights:**

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The

defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.

### 7. Perjury and Other False Statement Offenses and Other Offenses.

Nothing in this agreement shall be construed to protect defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement.

### 8. Reinstitution of Prosecution:

If defendant's guilty plea is rejected, withdrawn, vacated or reversed at any time, the United States will be free to prosecute defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later charges or proceedings. Defendant understands that any statements made at the time of defendant's change of plea or sentencing may be used against defendant in any subsequent hearing, trial or proceeding as permitted by Fed R. Crim. P. 11(f).

### 9. Disclosure of Information to U.S. Probation Office.

a. Defendant understands the United States' obligation to provide all information in its file regarding defendant to the United States Probation Office.

b. The defendant will cooperate fully with the United States Probation Office. Such cooperation will include truthful statements in response to any questions posed by the Probation Department, including, but not limited to:

(1) All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

(2) All financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

(3) All history of drug abuse which would warrant a treatment condition as part of sentencing.

(4) All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

## FACTUAL BASIS

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty; and, that if this matter were to proceed to trial, the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

> On April 26, 2008, in Tucson, Arizona, **Sandra Cruz Noriega** obtained from the Arizona Motor Vehicle Division an authentic and fraudulent Arizona Driver's License in the name of Maryellen Darlene Zamora, whom the defendant **Sandra Cruz Noriega** fraudulently represented herself to be. **Sandra Cruz Noriega** had no lawful authority to possess this fraudulent driver's license. **Sandra Cruz Noriega** obtained this fraudulent driver's license in connection with her ongoing criminal offense of Failure to Appear, stemming from her failure to appear in United States District Court in the Western District of Texas in case EP-95-CR-334FM(2). The fraudulent driver's license affected interstate commerce in that it was a document commonly used to assist in the regulation of interstate commerce.

> Beginning in approximately February 2008, two or more individuals began a Conspiracy to Commit Motor Vehicle Department Fraud by Unlawful Production of Identification, Driver's License, and Title Documents, and Production of Veteran's License Plates. Sandra Cruz Noriega became aware of the conspiracy when members of the conspiracy helped her obtain a fraudulent but authentic Arizona driver's license on April 26, 2008, as detailed above. **Sandra Cruz Noriega** failed to notify the relevant federal authorities about the commission of the offense. On October 20, 2010, in Tucson, Arizona, **Sandra Cruz Noriega** helped to conceal the crime by presenting herself to be Maryellen Darlene Zamora when questioned by authorities, intending

that this false representation would prevent authorities from discovering the existence of the conspiracy and her own criminal activities.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined according to the guidelines promulgated pursuant to the Sentencing Reform Act of 1984. I understand that the Guideline Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate. I further understand that under certain limited circumstances the court may depart upward or downward from the calculated guideline range.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time.

I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this <u>written</u> plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.


Date


SANDRA CRUZ NORIEGA
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions

9

set forth in this agreement as in the best interests of my client.  I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

Sep 19, 2012
Date

DAVID W. BASHAM
Attorney for Defendant

## UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement.  I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

JOHN S. LEONARDO
United States Attorney
District of Arizona

Sep 19, 2012
Date

DAVID P. FLANNIGAN
Assistant U.S. Attorney

10