JOHN S. LEONARDO
United States Attorney
District of Arizona
ROBERT A. FELLRATH
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Robert.Fellrath@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,** | CR 11-2729-12-TUC-DCB |
| Plaintiff, | |
| vs. | **Government Sentencing Memorandum** |
| **Sandra Cruz Noriega,** | |
| Defendant. | |

Now comes the United States of America, by and through its undersigned attorneys, and files its Sentencing Memorandum.

**I.    Overview**

The government concurs with the Probation Officer's narrative of the offense. However, in understanding the overall criminal conduct in this case, the government would group the marijuana trafficking activities of the defendant into the two groups of conspiracies charged in Counts 2 and 5 of the Superseding Indictment. The older of the two conspiracies involves the years-long trafficking arrangement between lead defendant Marcos Cruz and his organization (to include defendant Noriega) and the Nebraska-based drug trafficking organization headed by Shannon Williams. The older conspiracy encompasses Counts 5 – 8 of the Superseding Indictment. This includes the marijuana conspiracy, as well as the false documents conspiracy utilized by members of the marijuana conspiracy to facilitate the offense and a money laundering conspiracy involving the defendant. The older conspiracy involves the conduct covered in

paragraphs 5 – 8 of the PSR, along with paragraphs 16, 25, 27, 29, and 30, which spell out defendant Noriega's personal involvement.

The "newer" conspiracy, covered in Counts 2 – 4 of the Superseding Indictment, involves an FBI-led "sting" operation intended to firm up the evidence against the various defendants. This conspiracy did not involve defendant Noriega, as she had already been arrested by that time on her outstanding warrant of out the Western District of Texas.

## II.     Defendant's Conduct

The PSR, ¶¶ 16, 25, 27, 29, and 30, details the defendant's involvement in the marijuana conspiracy and the money laundering efforts. The defendant, however, pled guilty to somewhat different conduct. The government submits that both should be considered in fashioning an appropriate sentence. The defendant pled guilty to a misprision of a felony related to her involvement in the fake documents scheme detailed above, which in turn was part of the underlying drug conspiracy. The defendant also pled guilty to possessing another's means of identification, related to her possession of a fraudulently obtained, but real driver's license in another's name with the intent to avoid arrest for her warrant from the Western District of Texas.

## III.    Guideline and Legal Sentencing Issues

The government did not file for any enhancement against the defendant pursuant to 18 U.S.C. §3147. As a result, the defendant's maximum exposure is limited to those offenses to which she pled guilty. In short, the defendant's maximum term of imprisonment is three years and five years for the misprision and false documents charges, respectively. There is not a ten year maximum because the government did not allege the §3147 enhancement.

While it is clear that the PSR applied relevant conduct to reach the guideline numbers in this case, the original intent of the parties was for guideline numbers that reflected the defendant's conduct in the information. With the counts grouping (and the

false document being the lower guideline number), the misprision offense would have "capped" the offense conduct at a level 19. With the obstruction guideline enhancement, ¶42, and acceptance of responsibility canceling each other out (+3 for obstruction versus -3 for acceptance), this guideline range would have been a level 19 and CHC II, resulting in a guideline range of 33 – 41 months. The government had intended to file an upward departure motion, pursuant to U.S.S.G., §5K2.21. However, in light of the relevant conduct in the PSR and the fact that neither party has filed a formal objection to these calculations, the issue is somewhat moot. This paragraph is intended to provide some explanation to how the parties reached the plea range and is not intended to be formal objection to the guideline calculations.

### III.    Sentencing Recommendation

The government recommends the high end of the plea range, i.e. a sentence of 48 months. The defendant became involved in the instant offense while on absconder status from her case in El Paso. Contrary to her claims that she was not involved in the drug conspiracy charged in the superseding indictment, there are a number of parties in the PSR that implicate her, as mentioned above. While she may have pled only to offenses related to the fake document she possessed and failing to report her knowledge of the conspiracy, it is clear that her involvement extended beyond that.

The obstruction component to this case is particularly telling. While the defendant claims to have been kidnapped for several years, there is no corroboration for these claims. When the defendant did return, she participated in the drug conspiracy and fraudulently obtained a new identity to hide her return.

To the extent that the Court wants to consider the defendant's mental health history, the government submits that issue, along with acceptance of responsibility, is sufficient justification to reach below the five year maximum for this offense and sentence her to a term of forty-eight months imprisonment.

As the defendant committed these offenses while in absconder status, the

- 3 -

government requests that this sentence run consecutive to her term of imprisonment in case EP-95CR-334-FM2. The combination of the five years she is serving on that case with another four years for the instant case provides an adequate punishment for her conduct.

Lastly, the government suggests that the letters of recommendation provided by the defendant's family members be viewed somewhat skeptically. As noted in the PSR, several of the defendant's immediate family, to include her son, daughter, brother, and cousin, were charged in this case. Indeed, one letter of recommendation comes from lead defendant Marcos Cruz, who states that his sister "has never been involved in any illegal drug trafficking." That is simply not true, as evidenced by her conviction in El Paso and her involvement in the instant offense.

Respectfully submitted this 26th day of February, 2013.

JOHN S. LEONARDO  
United States Attorney  
District of Arizona

*s/Robert A. Fellrath*

ROBERT A. FELLRATH  
Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 26th day of February, 2013, to:

David Basham, Esq.  
*Counsel for Defendant Noriega*